*Pro Bono* Attorney
Ángel O. Olivo-García
South Texas Pro Bono Asylum
Representation Project (ProBAR)
202 S 1st Street, Suite 300
Harlingen, Texas 78550

## IN THE UNITED STATES DISTRCIT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| MELVIN JOSUE RODRIGUEZ CABRERA ) <br> ) <br> -v- ) <br> ) <br> MICHAEL J. PITTS, *in his official capacity* ) <br> as Port Isabel Field Office Director; ) <br> MATTHEW T. ALBENCE, *in his official* ) <br> *capacity as Acting Director for U.S. Immigration* ) <br> *and Customs Enforcement*; KEVIN ) <br> McALEENAN, *in his official capacity as Acting* ) <br> *United States Secretary of Homeland Security*; ) <br> U.S. IMMIGRATION AND CUSTOMS ) <br> ENFORCEMENT; U.S. DEPARTMENT ) <br> OF HOMELAND SECURITY. ) <br> ) | Civil Action No. <u>1:19-cv-195</u> <br><br> **EXPEDITED** <br> **CONSIDERATION** <br> **REQUESTED** |

### PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 AND MOTION FOR A TEMPORARY RESTRAINING ORDER

Petitioner Melvin Josue Rodriguez Cabrera ("Petitioner" or "Rodriguez Cabrera"), through counsel, respectfully files this expedited request for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and for a temporary restraining order directing his immediate release from immigration detention.

1

Mr. Rodriguez Cabrera is a lawful permanent resident in the United States who is currently unlawfully detained at the Port Isabel Detention Center. Although Mr. Rodriguez Cabrera was previously subject to a removal order, the U.S. Court of Appeals for the Fourth Circuit has vacated the order and directed the Board of Immigration Appeals to terminate removal proceedings. *Cabrera v Barr,* 930 F.3d 627 (4th Cir. 2019). Mandate issued on September 27, 2019, and there no longer remains any legal basis for Rodriguez Cabrera's continued detention. This Court should expedite review and enter a temporary restraining order correcting this ongoing, unlawful liberty deprivation.

## I. STATEMENT OF FACTS

Melvin Josue Rodriguez Cabrera, a citizen of El Salvador, became a lawful permanent resident of the United States on November 13, 2014, based on Special Immigrant Juvenile Status. *See* Exhibit A. On February 14, 2017, Mr. Rodriguez Cabrera pleaded guilty in Virginia state court to a single count of Gang Participation, in violation of Va. Code § 18.2-46.2. *See* Exhibit B. He received a five-year suspended sentence, ordered to run concurrently with a one-year suspended sentence he had recently received due to a guilty plea on a related assault charge. *See* Exhibits B, C. Mr. Rodriguez Cabrera thereafter remained in compliance with all his probation obligations, attending all scheduled appointments and interviews and consistently testing negative for illegal drugs. *See* Exhibit D.

On April 17, 2017, the Department of Homeland Security ("DHS") initiated removal proceedings against Mr. Rodriguez Cabrera. *See* Exhibit E. According to the Notice to Appear, Mr. Rodriguez Cabrera had been convicted of a crime involving moral turpitude—namely, Gang Participation—within five years after his admission to the United States and so was removable under 8 U.S.C. § 1227(a)(2)(A)(i). The immigration judge ("IJ") assigned to Mr. Rodriguez

Cabrera's case, though, terminated the removal proceedings, concluding that Mr. Rodriguez Cabrera's Gang Participation conviction did not involve moral turpitude. *See* Exhibit F. On appeal, the Board of Immigration Appeals ("BIA") reached the opposite conclusion, reinstated the removal proceedings, and remanded to the IJ. *See* Exhibit G. In a February 15, 2018 oral decision, the IJ ordered Mr. Rodriguez Cabrera removed to El Salvador. *See* Exhibit H.

Mr. Rodriguez Cabrera filed a timely petition for review in the U.S. Court of Appeals for the Fourth Circuit on March 19, 2018. *See* Exhibit I. While the petition was pending, DHS removed Mr. Rodriguez Cabrera from the United States. Mr. Rodriguez Cabrera's probation officer notified the Virginia state court presiding over Mr. Rodriguez Cabrera's underlying criminal cases about the removal and about Mr. Rodriguez Cabrera's consequent inability to comply with his in-person probation obligations. The court accordingly issued two bench warrants (one for each case). Thereafter, Mr. Rodriguez Cabrera re-entered the country, and in September 2018, he was detained and charged in this District with illegal reentry. *United States v. Rodriguez-Cabrera*, No. 7:18-cr-1616 (S.D. Tex. Sept. 25, 2018).

On July 19, 2019, the Fourth Circuit issued a published opinion granting Mr. Rodriguez Cabrera's petition for review and holding that a conviction under Virginia's Gang Participation statute does not involve moral turpitude. *Cabrera v. Barr*, 930 F.3d 627 (4th Cir. 2019). The court vacated the order of removal and remanded Mr. Rodriguez Cabrera's case to the BIA with instructions to terminate his removal proceedings. The court's mandate issued on September 27, 2019. *See* Exhibit J.

After the Fourth Circuit's opinion issued, this District dismissed the illegal reentry charges against Mr. Rodriguez Cabrera and released him from federal criminal custody. *See* Exhibit K. However, due to the outstanding Virginia bench warrants, Mr. Rodriguez Cabrera was then

transferred to a Texas state jail to await his return to Virginia. Hoping to make his own way home to Virginia rather than being transported by the state, Mr. Rodriguez Cabrera requested that the Virginia court overseeing his state criminal cases quash the bench warrants. In making this request, Mr. Rodriguez Cabrera emphasized that he posed no flight risk and that he had been in compliance with his probation requirements prior to his removal from the United States. The Virginia court granted Mr. Rodriguez Cabrera's request and quashed the bench warrants on September 10, 2019. *See* Exhibit L. Mr. Rodriguez Cabrera was thereafter released from state custody.

Upon release, however, Mr. Rodriguez Cabrera was immediately taken into federal immigration custody on an Immigration and Customs Enforcement ("ICE") detainer. The claimed basis for the detainer is a new Notice to Appear, predicated on Mr. Rodriguez Cabrera's reentry into the United States. But that Notice to Appear has never been filed, nor will it be filed unless and until the BIA terminates the preexisting removal proceedings against Mr. Rodriguez Cabrera. *See* Exhibit M. And, to reiterate, the Fourth Circuit's ruling has established that those proceedings have no legal basis and so cannot form the basis for Mr. Rodriguez Cabrera's detention. Nonetheless, Mr. Rodriguez Cabrera remains in immigration custody today.

## II.  CUSTODY

Petitioner is currently in the custody of the Respondents. He is detained at the Port Isabel Detention Center ("PIDC") in Los Fresnos, Texas. PIDC is located at: 27991 Buena Vista Blvd., Los Fresnos, TX 78566. Petitioner is under the direct control of the Respondents and their agents.

## III.  JURISDICTION

This Court has subject matter jurisdiction to review this writ of habeas corpus pursuant to 28 U.S.C. § 2241, Article I, §9 Cl. 2 of the Constitution of The United States of America (Suspension

4

Clause) and 28 U.S.C. § 1331, as Petitioner is in custody under color or by color of the United States, and such custody is violation of the Constitution, laws or treaties of the United States.

The writ of habeas corpus is available to challenge the legality of immigration detention. *INS v St. Cyr,* 533 U.S. 289, 314 (2001). In addition, this Court has habeas jurisdiction to review statutory and constitutional claims. *Bravo v Ashcroft*, 341 F.3d 590, 592-93 (5th Cir. 2003).

### IV.  VENUE

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the Petitioner is detained by ICE at the Port Isabel Detention Center in Los Fresnos, Texas and Respondents are employees, officers of the United States or under contract with the United States acting in their official capacity.

This Court has jurisdiction to grant the requested relief because Mr. Rodriguez Cabrera is being confined within this District. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

### V.  ARGUMENT

Mr. Rodriguez Cabrera is being held in federal immigration custody without any legal basis and so is entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On July 19, 2019, the U.S. Court of Appeals for the Fourth Circuit ordered the BIA to terminate the only removal proceedings that have been initiated against Mr. Rodriguez Cabrera, *Cabrera*, 930 F.3d at 640, and the court's mandate issued on September 27, 2019. Mr. Rodriguez Cabrera must now be released.

The circumstances of this case are clear, and every day's delay exacerbates the unlawful deprivation of Mr. Rodriguez Cabrera's liberty. This Court should therefore resolve Mr. Rodriguez Cabrera's petition for a writ of habeas corpus on an expedited basis. In the interim, it should grant

a temporary restraining order providing for Mr. Rodriguez Cabrera's immediate release from federal custody.

Mr. Rodriguez Cabrera is entitled to a temporary restraining order if he can show "(1) a substantial likelihood of success on the merits; (2) a substantial threat that [he] will suffer irreparable injury if the [restraining order] is denied; (3) that the threatened injury outweighs any damage that the [restraining order] might cause the defendant; and (4) that the [restraining order] will not disserve the public interest." *Jebril v. Joslin*, No. 07 Civ. 436, 2008 WL 2491658, at *2 (S.D. Tex. June 18, 2008) (quoting *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam)); *see also* Fed. R. Civ. P. 65. Each factor is satisfied here.

*First,* Mr. Rodriguez Cabrera is likely to succeed on the merits of his habeas claim. As explained, on July 19, 2019, the Fourth Circuit ordered the termination of the removal proceedings that form the sole basis for DHS custody. The time for the government to seek panel reconsideration or *en banc* review of that order has since run its course, and the government has not filed a motion to stay the Fourth Circuit's mandate pending a petition for certiorari. Mandate accordingly issued on September 27, 2019, and the Fourth Circuit's order directing the BIA to terminate removal proceedings against Mr. Rodriguez Cabrera took full effect that same day. Mr. Rodriguez Cabrera is thus now being held without legal authority.

The only justification DHS claims for detaining Mr. Rodriguez Cabrera is its as-yet unfulfilled intention to initiate new removal proceedings against him based on his reentry into the United States while his petition for review was pending in the Fourth Circuit. But beyond the fact that the Fourth Circuit has now ruled that DHS had no legal basis for removing Mr. Rodriguez Cabrera from this country in the first place, and beyond the fact that this District has dropped all

charges against Mr. Rodriguez Cabrera for his reentry, DHS simply cannot plausibly contend that the expectation of initiating future proceedings can justify the present detention of a lawful permanent resident. The only removal proceedings that in fact remain ongoing in the BIA are the very proceedings that the Fourth Circuit has held must be terminated for want of a legal foundation. DHS has not sought to amend the existing Notice to Appear, nor has it sought a stay of the Fourth Circuit's mandate so as to seek review of the Fourth Circuit's ruling. The time for doing so is past.

*Second*, Mr. Rodriguez Cabrera's continued unlawful detention will cause him irreparable injury. It has been one-and-a-half years since Mr. Rodriguez Cabrera was first taken from his home in Virginia pursuant to a removal order. And it has been nearly two-and-a-half months since the Fourth Circuit ruled that the removal order was legally unsound from the outset. Every additional moment that the federal government now detains Mr. Rodriguez Cabrera only serves to further compound an injury he should never have endured in the first place.

*Third*, no countervailing interest outweighs Mr. Rodriguez Cabrera's right to immediate release. Mr. Rodriguez Cabrera can easily be summoned back in the unlikely event that the government is able to demonstrate a basis for his detention. Upon release, he plans to live with his cousin, Carlos Garcia, who resides in Alexandria, VA. Mr. Rodriguez Cabrera is a lawful permanent resident who has no interest in hiding his presence from the legal authorities. The Virginia state court overseeing his criminal cases understood as much when it quashed the bench warrants it had issued upon his removal from the United States. And his probation officer understood as much when he observed that Mr. Rodriguez Cabrera complied with all his probation obligations prior to his removal from the United States. Any theoretical flight risk Mr. Rodriguez Cabrera might pose, in other words, is entirely illusory and cannot outweigh the certain injury he will suffer if made to remain in indefinite, unlawful detention.

*Fourth*, allowing the government to detain a lawful permanent resident without any legal basis would not serve the public interest. To the contrary, "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" that the United States Constitution protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).

Put simply, the Fourth Circuit has now ruled that the government's grounds for initiating removal proceedings against Mr. Rodriguez Cabrera were unsound and that those proceedings must be terminated. Despite that ruling, DHS continues to hold Mr. Rodriguez Cabrera in detention after its only legal basis for doing so has evaporated. This Court can rectify this injustice, and it should do so immediately by granting a temporary restraining order directing the government to release Mr. Rodriguez Cabrera without any further delay.

## VI.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Mr. Rodriguez Cabrera has made prudential efforts to request his release. Through counsel, he made a release request to ICE and the Assistant United States Attorney. Concurrently with this motion, Mr. Rodriguez Cabrera is taking the prudential step of filing a bond application with the Immigration Court that issued the now-vacated removal order in his case.  However, because the Fourth Circuit's order directed the agency to terminate proceedings against Mr. Rodriguez Cabrera, and because the agency has failed to do so, Mr. Rodriguez Cabrera need not take additional administrative steps to secure the relief to which he is entitled pursuant to that order.

## VII.  PRAYER FOR RELIEF

Rodriguez Cabrera's continued detention without legal basis presents immediate, ongoing harms that warrant swift relief. Accordingly, this Court is respectfully requested to:

1. Issue a temporary restraining order directing Rodriguez Cabrera's immediate release from DHS custody;

2. expedite consideration of the writ of habeas and issue an order to show cause pursuant to 28 U.S.C. § 2243;

3. grant a writ of habeas corpus that makes permanent the temporary relief that Rodriguez Cabrera now seeks;

4. award fees and costs under Equal Access to Justice Act "EAJA", 5 U.S.C. § 504 and 28 U.S.C. § 2412; and

5. grant any other and further relief that this court deems just and proper.

**RESPECTFULLY SUBMITTED**

/s/ *Ángel O. Olivo Garcia*　　　　　　　　　　　　Dated: October 8, 2019
ÁNGEL O. OLIVO GARCÍA
Attorney-in-Charge for Petitioner
Texas Bar Number: 24110699
South Texas Pro Bono Asylum
Representation Project (ProBAR)
202 S 1ST St., Ste. 300
Harlingen, Texas 78550
T: 956-365-3775
F: 956-365-3789
angel.olivogarcia@abaprobar.org
angelolivogarcia@gmail.com

## VERIFICATION

I Angel O. Olivo Garcia, under penalty of perjury, states that I am an Attorney authorized to act on behalf of the Petitioner in the forgoing writ of habeas corpus and I affirm the truth of the contents contained therein based upon my personal knowledge,

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this date, the undersigned attorney electronically filed the foregoing motion with the clerk court using the CM/ECF system. I have served counsel of record in the foregoing matter with one copy of the forgoing petition by email to Christopher Pineda, AUSA at christopher.pineda@usdoj.gov.

s/ *Ángel O. Olivo Garcia*